1    LAURA E DUFFY
      United States Attorney
2    ANDREW R. HADEN
      Assistant U.S. Attorney
3    California Bar No.: 258436
      Office of the U.S. Attorney
4    880 Front Street, Room 6293
      San Diego, CA 92101
5    Tel: (619) 546-6961
      Fax: (619) 546-0510
6    Email:  andrew.haden@usdoj.gov

7    Attorneys for the United States

8

9               **UNITED STATES DISTRICT COURT**

              **SOUTHERN DISTRICT OF CALIFORNIA**

10

11    UNITED STATES OF AMERICA,      Case No.: 12-CR-977-WQH

12           Plaintiff,         **Date:  November 22, 2013**
                               Time:  10:00 a.m.

13         v.

14                              **UNITED STATES' SUPPLEMENTAL**
   BRANDON WILLIAM SCHROTH,        **BRIEFING REGARDING RESTITUTION**

15           Defendant.

16

17        COMES NOW the plaintiff, the UNITED STATES OF AMERICA, by and

18 through its counsel, LAURA E. DUFFY, United States Attorney, and

19 Andrew R. Haden, Assistant United States Attorney, and hereby

20 submits the Court-requested Supplemental Briefing Regarding

21 Restitution.

22                              **I**

23               **STATEMENT OF THE CASE**

24        On November 29, 2012, Defendant Brandon William Schroth

25 ("Schroth") pled guilty to Counts 1, 2, 3, 4, 5, 6, 7, 9, 12, 13,

26 14, and 15 of the Superseding Indictment.  All of the counts

27 related to the sexual exploitation and aggravated sexual abuse of

28 children.

Schroth's sentencing was originally scheduled for October 10, 2013. In preparation for sentencing, both parties filed sentencing memorandums and sentencing summary charts. Doc. Nos. 36, 37, 55, 56. The United States also filed a sentencing memorandum related to restitution. Doc. No. 63. Schroth filed an objection to the restitution request. Doc. No. 65.

This Court held a status hearing related to restitution on September 27, 2013. At the September 27th hearing, the Court requested additional briefing by the United States in regards to 5 specific questions that it presented. An additional hearing related to restitution was scheduled for November 22, 2013.

## II

**THE UNITED STATES' RESPONSE TO THE COURT'S REQUESTED BRIEFING**

As mentioned above, the Court has requested supplemental briefing by the United States in regards to restitution. Listed below are the 5 specific questions presented by the Court, along with the United States' responses.

1. **Is restitution available for victim's that suffered psychological injuries without physical injuries?**

Yes. Restitution is being sought pursuant to 18 U.S.C. § 2259. Compensable losses under section 2259 include the cost of the victim's "medical services relating to physical, psychiatric, *or psychological care,*" 18 U.S.C. § 2259(b)(3)(A), and "physical and occupational therapy or rehabilitation," id. § 2259(b)(3)(B); see also United States v. Laney, 189 F.3d 954, 966-967 (9th Cir. 1999)(where the Ninth Circuit affirmed an award of future

counseling in relation to a sexual exploitation of a child).  There is nothing in the statute, or the relevant case law, to suggest that a physical injury is a prerequisite to psychological care.

Indeed, the Ninth Circuit has explained that "[S]ection 2259 is phrased in generous terms, in order to compensate the victims of sexual abuse for the care required to address the long term effects of their abuse." Id. at 966.

## 2. Is there sufficient evidence of causation?[1]

Yes.  Although Section 2259 requires a "causal connection between the offense of conviction and the victim's harm," id. at 965, the Ninth Circuit has affirmed that the causation determination – as it relates to restitution in the child exploitation context — is not a standard that should even approach mathematical precision.  United States v. Doe, 488 F.3d 1154, 1159-1160 (9th Cir. 2007).  Instead, a simple rule of reasonableness is applied.  Id. at 1160.

On appeal, the restitution award is reviewed under the abuse of discretion standard and will be upheld "if the district court was able to estimate, based upon facts in the record, the amount of

---

[1]   The Supreme Court has granted certiorari to address "What, if any, casual relationship or nexus between the defendant's conduct and the victim's harm or damages must the government or the victim establish in order to recover restitution under 18 U.S.C. § 2259." Paroline v. United States, 133 S.Ct. 2886 (June 27, 2013).  That case, however, deals with the causal relationship between possessing child pornography downloaded from the internet and the victims displayed in the images.  Given the hands-on nature of Schroth's conviction, the United States assumed that the Court was asking a more specific question related to the causation between the harm suffered and the various counseling costs being requested.

the victim's loss with some reasonable certainty." Id. at 1160-1161.

For example, in Doe the Ninth Circuit affirmed an award of restitution that included: two years' worth of psychological treatment for each child victim; testing for sexually transmitted diseases; costs for alternative education programs and vocational training for the victims; and a management fee to a case worker at the World Vision Foundation. Id. at 1161-1162.

In regards to psychological counseling, the Ninth Circuit has previously upheld an award that included six years of future counseling. Laney, 189 F.3d at 966-967. In Doe, the Ninth Circuit also mentioned that the Seventh Circuit had upheld an award of $304,200 for lifetime counseling sessions. 488 F.3d at 11661; citing United States v. Danser, 270 F.3d 451, 455-456 (7th Cir.2001).

Returning to the instant case, it is absolutely reasonable to link the victims' psychological injuries to the harms inflicted by Schroth. The evidence provided indicates that the victims began psychological counseling after they suffered the harms inflicted by Schroth and because of the harms inflicted by Schroth. See Doc. No. 63-2 at 2-3.

The amount of restitution is also reasonable. It is based, in part, upon expenses that have already been incurred and verified by the Tricare health insurance organization. See Doc. 63-3, 64-4, 63-5. This fact gives reasonable credibility to the dollar amounts being requested, which is roughly half of the award affirmed in Danser. 270 F.3d at 455-456.

The restitution request also covers past counseling sessions and approximately three years of future counseling.  That duration is also reasonable.  Phrased differently, a three-year duration is similar to the two-year award affirmed in <u>Doe</u>, and is only half the amount of time previously affirmed by the Ninth Circuit in <u>Laney</u>.

**3. Are the victim's parents and brother entitled to restitution?**

Yes, as to both.  Admittedly, Ninth Circuit case law is limited in this regard.  Thankfully, the statute is explicit and some other circuits have tangentially addressed the issue.

Section 2259 was intended to afford broad discretion to the district court based upon the dynamic challenges and harms that these types of crimes produce.  It specifically defines victim to include "in the case of a victim who is under 18 years of age… the legal guardian of the victim… another family member, or any other person appointed as suitable by the court…." 18 U.S.C. § 2259(c).

In interpreting the boundaries of Section 2259, the Seventh Circuit explained that "it is clear that Congress intended to provide victims of sexual abuse with expansive relief for 'the full amount of ... [their] losses[.]' " <u>Danser</u>, 270 F.3d at 455.  When children are harmed, it often impacts their guardians and others.

Accordingly, the Sixth Circuit wrote that "Section 2259(c) acknowledges this reality in its inclusion of designated third parties — who are not the direct victims of sexual exploitation but

*United States' Supplemental Briefing*
  *Regarding Restitution*                                    *12-CR-997-WQH*

who act on behalf of the exploited child — as "victims" who also may suffer harm as a result of the offense." <u>United States v. Evers</u>, 669 F.3d 645, 656 (6th Cir. 2012)(where the court awarded lost wages to victim's guardian because it was reasonably foreseeable that the parent or guardian of a minor victim of sexual exploitation will attend proceedings related to the prosecution of the case and, as a consequence, miss work.); <u>see also</u> <u>United States v. Estep</u>, 378 F.Supp.2d 763 (E.D.Ky. 2005)(where the court awarded restitution for divorce attorney's fees, rent payments, transportation costs, counseling, and attorney's fees related to a resulting civil case); <u>United States v. Hayward</u>, 359 F.3d 631 (3rd Cir. 2004)(where parents of minor victims were victims for purposes of the Mandatory Victims Restitution Act (MVRA), and thus entitled to restitution for reasonable costs in obtaining the return of their victimized children from London and in making their children available to participate in the investigation and trial pursuant to 18 U.S.C.A. § 3663A(b)(4)).

As seen, an individual does not need to be directly harmed by the defendant to be entitled to restitution. The Ninth Circuit has endorsed this broad interpretation of Section 2259. As mentioned above, they affirmed an award of restitution to a case worker – that was not related to the child victims – at the World Vision Foundation. <u>Doe</u>, 488 F.3d at 1161-1162.

In this case, Schroth sexually harmed two little girls. Those girls live with their parents (legal guardians) and their younger brother (classified as either a family member or other suitable persons pursuant to Section 2259(c)). Moreover, Schroth witnessed the family dynamic and its members. Thus, it was reasonably foreseeable that the harms inflicted would emotionally damage the entire family. That reality is affirmed by the evidence that the entire family has already attended counseling related to Schroth's criminal conduct, and that they intend to do so in the future. Doc. No. 63-2.

In sum, the United States has not been able to find any cases that directly affirmed a restitution award for counseling services for a parent or a sibling of a direct victim. But the statute and the relevant case law supports third-party restitution and the broad interpretation of Section 2259. As such, the United States believes that this Court can, and should, award restitution to the parents and younger brother of the girls that were directly harmed by Schroth.

A contrary determination would potentially imply that it was unreasonable or unnecessary for the family to seek counseling after suffering such a traumatic abuse, or that it would be unforeseeable that inflicting such harms could have that result.

//

//

*United States' Supplemental Briefing* *12-CR-997-WQH*
 *Regarding Restitution*

**4. Are other victim's (specifically those named in Cts 9, 12, 13) seeking mandatory restitution?**

No.  The assigned Victim-Witness Specialist from the U.S. Attorney's Office ensured that the victim related to Counts 9, 12, and 13 was made aware of the status of this case and impending deadlines in regards to sentencing/restitution.  That victim has not responded to our communications.  As such, the United States has not requested restitution for that victim. <u>See</u> PSR at 6 ¶ 17 (describing victim 4, who relates to Cts 9, 12, 13).  The victim's discussed in the above sections were victims 1 and 2. PSR at 5 ¶ 8.

**5. Are the victims in Counts 14 and 15 the same as Counts 1-7?**

Yes.  The victims are the same.  Those counts simply relate to a different statutory charge.

## III

### CONCLUSION

For the above stated reasons, the United States respectfully requests that the Court order the restitution being requested.

DATED: October 24, 2013          Respectfully submitted,

LAURA E. DUFFY
United States Attorney

/s/*Andrew Haden*
Andrew R. Haden
Assistant United States Attorney

1
2
3                          **UNITED STATES DISTRICT COURT**
4                        **SOUTHERN DISTRICT OF CALIFORNIA**
5   UNITED STATES OF AMERICA,
                                           Case No.: 12-CR-997-WQH
6                  Plaintiff,
                                           CERTIFICATE OF SERVICE
7          v.
8   BRANDON WILLIAM SCHROTH,
9                  Defendant
10
    IT IS HEREBY CERTIFIED THAT:
11
12       I, ANDREW HADEN, am a citizen of the United States and am at
    least eighteen years of age.  My business address is 880 Front
13  Street, Room 6293, San Diego, California 92101-8893.

14       I am not a party to the above-entitled action.  I have caused
    service of United States' UNITED STATES' SUPPLEMENTAL BRIEFING
15  REGARDING RESTITUTION, together with memorandum of points and
    authorities on the following parties by electronically filing the
16  foregoing with the Clerk of the District Court using its ECF
    System, which electronically notifies them.
17
18       Ricardo Nicol, Esq.

19       I hereby certify that I have caused to be mailed the
    foregoing, by the United States Postal Service, to the following
20  non-ECF participants on this case:

21       None
22
    the last known address, at which place there is delivery service of
23  mail from the United States Postal Service.

24       I declare under penalty of perjury that the foregoing is true
    and correct.
25
26       Executed on October 24, 2013.

27                                      s/Andrew Haden
                                        ANDREW R. HADEN
28