# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                         Plaintiff,<br>  vs.<br>BRANDON W. SCHROTH ,<br>                         Defendant. | CASE NO. 12CR977 - WQH<br><br>ORDER |

HAYES, Judge:

      The matters before the Court are the objections filed by Defendant to the restitution information in the addendum filed on September 9, 2013 to the Presentence Report. (ECF No. 64).

      On November 29, 2012, Defendant entered pleas of guilty to the Indictment Counts 1 through 7 sexual exploitation of a child in violation of 18 U.S.C. § 2251(c) and (e); Counts 9, 12 and 13 sexual exploitation of a child in violation of 18 U.S.C. § 2251(a) and (e); and Counts 14 and 15 aggravated sexual abuse of a child in violation of 18 U.S.C. § 2241(c). The Presentence Report describes five direct victims involved in the charges. The restitution recommended in the addendum to the presentence report relates to the harm to two victims (described in the presentence report as V1 and V2). Defendant sexually abused V1 and V 2, two minor females; Defendant documented his abuse on video; and Defendant shared the videos with others. At the time of the plea of guilty, Defendant made detailed admissions regarding the sexual abuse committed against the two victims and detailed admissions regarding the content of seven videos

taken of the sexual abuse committed against the two victims. The Court will not repeat these admissions in this order but relies upon these admissions made to the Magistrate Judge on November 29, 2012 in determining whether the restitution requested is reasonable.[1]

The addendum recommends that the Court order Defendant to pay restitution pursuant to 18 U.S.C. § 2259 to parents of the victims for "medical services relating to physical, psychiatric, or psychological care" to treat injuries incurred by V1, by V2, and by the brother and parents of V1 and V2 as a proximate cause of the offenses of conviction. The victims in this case request restitution for counseling services billed and paid for as well as "four additional years, weekly visits or individual counseling and riding therapy" for the two victims, the victim's brother, and the victim's parents, including family counseling sessions. The total amount of $ 144,435.15 represents $28,885.87 in past amounts billed and paid and $115,549.28 in future amounts ordered payable to the parents of V1 and V2.

## RULING OF THE COURT

18 U.S.C. § 2259(b)(4) provides that restitution is mandatory for all offenses involving sexual exploitation of a child. 18 U.S.C. § 2259(b)(4) ("The issuance of a restitution order under this section is mandatory."). Restitution is required for the "full amount of the victim's losses." 18 U.S.C. § 2259(b)(1). Loss includes "any costs incurred by the victim for - medical services relating to physical, psychiatric, or psychological care." "[T]he term 'victim' means the individual harmed as a result of a commission of the crime under this chapter, including, in the case of a victim who is under 18 years of age.. another family member." 18 U.S.C. § 2259(c).

In this case, Defendant, a thirty-nine year old man, admitted to offenses in which he sexually abused two sisters, one eight year old and one ten year old; Defendant videotaped this sexual abuse; and Defendant caused the videos to be transported to

---

[1] The Court has reviewed the transcript of the plea hearing before the Magistrate Judge on November 29, 2012.

1  another. The parents of the victims seek compensation for past and future expenses
2  incurred for individual counseling for the victim young girls and family members;
3  family counseling, and riding therapy. This request is supported by a victim impact
4  statement, reports from a clinical psychologist and the family chaplain, as well as prior
5  billing statements. 18 U.S.C. § 2259(b)(4). Under the statute, restitution is mandatory.
6  Defendant contends that the injury claimed by the victims was psychological and not
7  "bodily injury," that there is insufficient evidence of causation, and that family
8  members are not entitled to restitution.

9        Compensable loses under section 2259 include the cost of the victims "medical
10 services relating to physical, psychiatric, or psychological care" 18 U.S.C. §
11 2259(b)(3)(A) as well as "physical and occupational therapy or rehabilitation" 18
12 U.S.C. § 2259(b)(3)(B). There is no provision of the statute which limits injury to
13 physical injury and the facts of this case support a finding of physical injury to the
14 victims.

15       Section 2259 requires "causal connection between the offense of conviction and
16 the victim's harm." *United States v. Laney*, 189 F.3d 954, 965 (9th Cir. 1999). The
17 materials in the record more than establish a causal connection between the sexual
18 abuse forming the basis of the offenses and medical services requested to treat the harm
19 caused to the victims of the offenses. The estimates of the future services are
20 reasonable based upon the materials submitted, and the factual basis for the plea of
21 guilty. *See also, United States v. Doe*, 488 F.3d 1154, 1159-1160 (9th Cir. 2007) ("In
22 every circuit to consider the causation requirement of Section 2259, a rule of
23 reasonableness is applied. We will uphold an award of restitution under Section 2259
24 if the district court is able to estimate, based upon facts in the record, the amount of
25 victim's loss with some reasonable certainty.").

26       Finally, 18 U.S.C. § 2259(c) specifically defines victim to include "the individual
27 harmed as a result of a commission of the crime under this chapter, including, in the
28 case of a victim who is under 18 years of age... another family member." 18 U.S.C. §

2259(c). In this case, Defendant sexually abuse two young girls living with their parents and their brother. The materials in the record more than establish a causal connection between the sexual abuse forming the basis of the offense of convictions and medical services requested to treat the harm caused to the family members of the victims of the sexual abuse.

The restitution in the addendum is supported by a preponderance of the evidence. *See United States v. Follett*, 269 F.3d 996, 1002 (9th Cir. 2001). Defendant's objections to the addendum on September 9, 2013 are overruled. At the time of sentencing, the Court will order restitution in the amount of $ 144,435.15 to the parents of victim 1 and victim 2 to be paid through the Clerk of the United States District Court.

DATED: December 3, 2013

**WILLIAM Q. HAYES**
United States District Judge